# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

**TERRY BANKS**
5019 Boydell Avenue
Oxon Hill, Maryland 20745

     **Plaintiff,**

v.

**DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY,**

     **Defendants.**

Case Number: _____

======================================

## COMPLAINT

Plaintiff Terry Banks, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Complaint against District of Columbia Water and Sewer Authority for negligence. In support of this Complaint, the Plaintiff states as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S. Code § 1332, which gives District Courts' jurisdiction over all civil actions where the parties are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand ($75,000.00) dollars. The amount in controversy in this case exceeds seventy-five thousand ($75,000.00) dollars.

2. Plaintiff Terry Banks brings this action against the District of Columbia Water and Sewer and Water ("DC Water") as a result of notification on September 20, 2017, of a cancer diagnosis.

3. Venue is proper before this Court because all of the acts or omissions giving rise to this cause of action derive from events that occurred in the District of Columbia.

## PARTIES

4. Plaintiff, Terry Banks ("Banks"), is a natural person, a citizen of the United States, a resident of Oxon Hill, Maryland and is domiciled in the State of Maryland.

5. Defendant D.C. Water is an independent authority of the District of Columbia who operates within the District of Columbia, whose headquarters are located in the District of Columbia and who is organized under the laws of the District of Columbia.

## FACTS

6. On November 17, 1982, the Plaintiff commenced employment with DC Water on a temporary basis pursuant to an after-school program.

7. The Plaintiff was assigned to work in the budget office and worked in this capacity from 1982 to 1983.

8. In 1983, the Plaintiff was transferred to the DC Water Customer Service Department.

9. From 1983 to 1984, the Plaintiff worked as a customer service representative in the DC Water Customer Service Department.

10. In 1984, the Plaintiff was transferred to the Meter Shop and worked as a clerk assistant in that Department (Meter Shop) from 1984 to 1991.

11. From 1992 until approximately November 2016, the Plaintiff held the following positions; instrument mechanic and a meter II technician.

12. During the Plaintiff's tenure as an instrument mechanic and a meter II technician and while executing her duties for DC Water, she worked on, including but not limited to, water valves, pipes and water meters.

13. During the Plaintiff's tenure as an instrument mechanic and a meter II technician and while executing her duties for DC Water she continuously came into contact with lead pipes at the various locations she was assigned to service by and for DC Water.

14. During the Plaintiff's tenure as an instrument mechanic and a meter II technician and while executing her duties for DC Water she continuously came into contact with lead paint at the various locations that she assigned to service by and for DC Water.

15. During the Plaintiff's tenure as an instrument mechanic and a meter II technician, Defendant DC Water did not provide the Plaintiff with any protective gear, including but not limited to, a hazardous material suit, during her continual interaction with lead pipes and lead paint.

16. On or about September 20, 2017, during an annual physical examination and after a mammogram and a biopsy, the Plaintiff was notified that she had triple negative breast cancer, specifically a tumor that was more than 1.0 centimeter, but less than or equal to 2.0 centimeters on her left breast.

17. Subsequent to the breast cancer diagnosis, on November 1, 2017, the Plaintiff underwent a lumpectomy surgical procedure performed by Rahul D. Tevar, M.D. of her left breast.

18. As a result of the surgical procedure performed on the left breast, on November 1, 2017, the Plaintiff also underwent breast (left and right) reconstructive surgery procedure, which was performed by Marilyn Q. Nguyen, M.D.

19. The Plaintiff was directed to undergo eight (8) cycles of chemotherapy and sixteen (16) treatment sessions.

20. The Plaintiff received chemotherapy treatments at Kaiser-Largo, Maryland on the following dates:

   1. December 27, 2017 (day 1, cycle 1)

    2. January 10, 2018 (day 1, cycle 2)
    3. January 24, 2018 (day 1, cycle 3)
    4. February 7, 2018 (day 1, cycle 4)
    5. February 21, 2018 (day 1, cycle 5)
    6. February 28, 2018 (day 8, cycle 5)
    7. March 7, 2018 (day 15, cycle 5)
    8. March 14, 2018 (day 1, cycle 6)
    9. March 22, 2018 (day 8, cycle 6)
    10. March 28, 2018 (day 15, cycle 6)
    11. April 4, 2018 (day 1, cycle 7)
    12. April 11, 2018 (day 8, cycle 7)
    13. April 18, 2018 (day 15, cycle 7)
    14. April 25, 2018 (day 1, cycle 8)
    15. May 2, 2018 (day 8, cycle 8)
    16. May 9, 2018 (day 15, cycle 8)

21. Upon completion of the chemotherapy treatments and once the wound healed, the Plaintiff was prescribed three (3) weeks of radiation therapy.

22. The Plaintiff commenced sixteen (16) fractions of radiation therapy on September 5, 2018, and her radiation therapy ended on September 26, 2018.

23. On October 26, 2018, the Plaintiff was examined by Farhad Fakhrejahani, M.D. for a one month follow up appointment.

## COUNT I: NEGLIGENCE

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. At all relevant times herein, Defendant had a duty to provide Plaintiff with the tools and equipment to safely perform her work.

26. At all relevant times herein, Defendant had a duty to provide Plaintiff with safe working conditions.

27. At all relevant times herein, Defendant had a duty to warn Plaintiff of foreseeable hazards she might face while performing work within the scope of her employment.

28. At all relevant times herein, Defendant knew that Plaintiff would be working in areas where she would be in close physical contact with lead.

29. At all relevant times herein, Defendant knew that Plaintiff would be exposed to lead in performing the duties and responsibilities of her position.

30. At all relevant times herein, Defendant knew of the hazardous and carcenogenic nature of lead and the negative health impacts that lead could have on individuals who are in close physical contact with lead.

31. At all relevant times herein, Defendant knew that individuals performing the duties and responsibilities of Plaintiff's position would benefit from protective clothing and equipment, as it would minimize their exposure to lead.

32. Defendant did not provide Plaintiff with protective clothing or equipment to minimize her exposure to lead.

33. At no point did Defendant warn Plaintiff of the hazardous nature of lead.

34. Defendant did not warn Plaintiff that lead exposure from Plaintiff's work for Defendant could negatively affect Plaintiff's health.

35. The aforementioned acts and omissions of Defendant as alleged herein constitute a breach of Defendant's duties to Plaintiff as alleged herein.

36. The aforementioned breach of Defendants' duties as alleged herein proximately caused Plaintiff to contract breast cancer.

37. The aforementioned breach of Defendants' duties as alleged herein proximately caused Plaintiff to suffer damages, including economic damages, mental distress and emotional distress.

38. Defendant's negligence alleged herein caused Plaintiff to suffer damages, including but not limited to, emotional and psychological damage and distress, lost income and employment opportunities and other compensable injuries.

39. Defendant, through the acts and omissions as alleged herein, acted with malice and reckless indifference to the rights of Plaintiff, causing Plaintiff to be harmed physically and economically.

40. Defendant, through the acts and omissions as alleged herein displayed reckless disregard for the rights of all of Defendant's employees.

41. Defendant's conduct described herein gives rise to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

I. Re-pleads and re-alleges paragraphs 1 through 41 with the same force and effect as if fully set forth herein;

II. Subject to further discovery, reserve the right to amend the complaint:

III. Actual and Compensatory damages be awarded to plaintiff against defendant;

IV. Punitive damages be awarded to plaintiff against defendant;

V. Attorney's fees and costs be awarded to plaintiff;

VI. Prejudgment interest be awarded to plaintiff; and

VII. All other relief this Court deems just and proper under the circumstances.

## VERIFICATION

I, TERRY BANKS, hereby verify that the information contained in this Complaint is true and accurate to the best of my knowledge, recollection and belief.

_____
Terry Banks

__02-04-19_____
DATE

Subscribed to and sworn before me on this __4__ day of __Feb__ 2019

_____
Notary Public

My Commission Expires: __09/17/2020__

Amrik Singh Nagi
Notary Public
Prince George's County, MD
My Commission Expires Sep 17, 2020

Terry Banks
By Counsel

Respectfully submitted,

/s/Billy L. Ponds
Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
2101 L Street, N.W.
Suite 400
Washington, D.C. 20037
Telephone Number: (202) 333-2922
E-Mail: billy.ponds@pondslawfirm.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **TERRY BANKS**<br>5019 Boydell Avenue<br>Oxon Hill, Maryland 20745<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY,**<br><br>　　　　Defendants. | :<br>:<br>:<br>:　Case Number: _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## JURY DEMAND

The plaintiff hereby requests a trial by jury of twelve (12) on all triable issues, including the amount of damages to be awarded.

　　　　　　　　　　　　　　　　Terry Banks
　　　　　　　　　　　　　　　　By Counsel

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　*/s/Billy L. Ponds*
　　　　　　　　　　　　　　　Billy L. Ponds
　　　　　　　　　　　　　　　Counsel for the Plaintiff
　　　　　　　　　　　　　　　The Ponds Law Firm
　　　　　　　　　　　　　　　Bar Number 379883
　　　　　　　　　　　　　　　2101 L Street, N.W.
　　　　　　　　　　　　　　　Suite 400
　　　　　　　　　　　　　　　Washington, D.C. 20037
　　　　　　　　　　　　　　　Telephone Number: (202) 333-2922
　　　　　　　　　　　　　　　E-Mail: billy.ponds@pondslawfirm.com